PERRY v. COLEMAN.

CANCELLATION OF INSTRUMENTS—DEEDS—MENTAL COMPETENCY—
QUESTION FOR JURY.
   In suit to set aside deed· on ground of grantor's mental incom-
      petency, conflicting testimony *held,* to present question of fact.
      WIEST, J., dissenting, on ground that plaintiffs had not met
      burden of proof.

Appeal from Genesee; Black (Edward D.), J.
Submitted June 2, 1931. (Docket No. 30, Calendar
No. 35,638.) Decided October 5, 1931.

Bill by Milton Perry and another against Bessie
Elizabeth Coleman to set aside a deed. Decree for
plaintiffs. Defendant appeals. Affirmed.

*Neithercut & Neithercut,* for plaintiffs.

*William R. Roberts,* for defendant.

CLARK, J. The bill was filed to set aside a deed of
Cora M. Lowden. Plaintiffs are children of a de-
ceased daughter of the grantor. The deed, in legal
effect, was made about March 9, 1928, to defendant,
another daughter of the grantor. Mrs. Lowden
died on April 18th following general paresis. The
question is mental competency of the grantor. Plain-
tiffs had decree. Defendant has appealed.
   Plaintiffs had medical testimony that because of
the paresis the grantor was not competent. Other
lay witnesses for plaintiffs and lay witnesses for
defendant testified of acts, words, conduct, and ap-
pearance of the grantor. Some of this testimony

tends to show mental incompetency, as indicated by a physician. Some of it is that there was competency. Clearly, there is a question of fact.

We are not persuaded that the decision of the trial judge, who saw the witnesses and heard their testimony, should be disturbed.

Decree affirmed. Costs to plaintiffs.

BUTZEL, C, J., and McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with CLARK, J.

WIEST, J. (*dissenting*). I think the decree should be reversed and the bill dismissed. Mental capacity to execute a deed is presumed, and the burden was on plaintiffs to establish mental incompetency. This burden was not met.

For a year and more the grantor had expressed the intention to execute such a deed, both in consultation with the attorney who drew the deed and with her sister. The grantor was afflicted with paresis. Her attending physician was not present the day the deed was executed and expressed no opinion as to her mental competency at that time. Another medical witness, who never saw the grantor, expressed the opinion that:

"Any person with paresis is incompetent at any time. They are incompetent from the time they first develop paresis, six months or five years before their death."

Without questioning the belief of the doctor, I grant his opinion but passing notice.